### INTERSTATE ELECTRIC CO., Inc., v. CRAWFORD et al.

### No. 2246.

Court of Civil Appeals of Texas. Beaumont.
June 16, 1932.

Avery & Wallace, of Center, for appellant.

J. M. Sanders, of Center, for appellees.

WALKER, J.

This was a suit by appellant against appellees upon a promissory note for the principal sum of $550, dated the 27th day of January, 1927, due ninety days from date, with interest at 8 per cent. per annum from date and 10 per cent. attorney's fees. Appellee F. L. Crawford was the principal on the note and O. H. Polley, deceased, was indorser. Crawford answered by the following plea of payment.

"That after the accrual of the cause of action in plaintiff's petition alleged, and prior to the institution of this suit, that he made certain payments to the plaintiff, its agents and employees to apply upon said note, which payments were in excess of the principal sum and all accrued interest due upon said note, and were made upon the dates and in the amounts stated below, viz.:

May 10, 1927, paid by check          $300.00
September 30, 1927 paid in cash       230.00
July 18, 1928, paid by check          100.00 and
August 28, 1928, paid by check         50.00"

Upon trial to the court without a jury, it was found that "the note sued upon was paid off and discharged," and on this finding judgment was entered in favor of appellees.

 The only assignment of error is that the court erred in overruling appellant's special exceptions to the plea of payment. The point made is that the plea of payment was insufficient, under article 2014, because appellees pleaded overpayment, and did not specially plead which of the payments went to the discharge of the note. There is no merit in this contention. The plea was a literal compliance with the cited article, and stated distinctly the nature, the dates, and the amounts of the several items of payment. That the note was overpaid did not make the plea bad either on special or general demurrer. We say this because appellees insist that appellant's exception was nothing more than a general demurrer.

The judgment appealed from is in all things affirmed.